**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 26-cr-115 (KMM/DTS) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Isaac Auman Sant, et al., | |
| Defendants. | |

---

On June 30, 2026, the United States moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3) for an order restricting the dissemination of certain discovery material. (Dkt. No. 143). In response to this Court's July 2, 2026 Arraignment, Motions, and Case Management Order (Dkt. No. 170), the parties have now agreed to the terms of the following protective order.

Good cause exists for the issuance of a protective order because the redaction of discovery materials would be impracticable, unduly burdensome, and could impede defense counsel's preparation, and the unrestricted disclosure of Protected Material, defined below, may violate victims' and witnesses' privacy.

The Government's Motion for Protective Order is **GRANTED**; it is furthered **ORDERED** that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose.

The Court further **ORDERS** as follows:

1.      "Protected Material" is defined as:

   a.      the identity of any victims in this case, as identified by the

government, other than members of law enforcement;

b.    the personally identifying information of any victim or witness in this case, as identified by the government, that is, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth.

c.    the identity or photograph of any minor.

d.    Protected Material does not include matters of public record, the defendants' own statements, Signal chats in the possession of the government, criminal history information, expert reports, and any materials obtained by the defendants through sources other than discovery from the government.

2.    Protected Material may be used solely for purposes of this litigation and for no other purpose.

3.    Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to the Defendants in this action.

4.    All individuals having access to these materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms.

5.    With respect to any defendant in custody, the defendant may only be provided with an electronic copy of discovery (i.e. an external drive), which will be held in the care and custody of the correctional facility where the defendant is detained.

While the Court cannot order the correctional facility to operate in any particular manner, it is the Court's understanding that the parties have conferred with correctional staff and are satisfied by the procedures they have in place that will greatly reduce or eliminate a defendant's ability to copy and/or distribute their discovery and the Protected Materials. If an in-custody defendant somehow causes or facilitates the dissemination of the Protected Materials to anyone outside of their legal defense team, the defendant will be in violation of this Order.

6.      Any documents or other materials containing the Protected Material, and any and all copies of them, must be returned to the government or destroyed within thirty (30) days of the conclusion of this litigation. Defense counsel may retain one complete copy of discovery for its file and that material will remain subject to this Protective Order.

7.      Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.


Dated: July 16, 2026                             s/ David T. Schultz_____
                                                 DAVID T. SCHULTZ
                                                 United States Magistrate Judge

3

## **CERTIFICATION**

By signing below, I, _____ (please print legibly),

hereby certify that I have read this Order and agree to be bound by its terms.


_____                    _____

Date                                     Signature