**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 26-cr-115 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Isaac Auman Sant, et al., | |
| Defendants. | |

The Government moved to designate this case as complex under the Speedy Trial Act. Dkt. No. 22. In addition to this being a fifteen-defendant conspiracy case involving more than 200 overt acts, Indictment, Dkt. No. 1, the Government claimed that discovery would be voluminous, totaling more than 20 terabytes of material. Dkt. No. 22. On this basis, the Government requested the case be designated as complex and ninety days to disclose discovery, all excluded under the Speedy Trial Act. *Id.* Defendants initially opposed the Government's complexity designation and proposed schedule, arguing that the Speedy Trial Act does not amend the Government's discovery obligations and "neither party nor the Court can prejudge how much time will be needed to review the discovery until the United States makes its disclosures." Dkt. No. 148 at 3.

The Court resolved this dispute by ordering the parties to meet and confer on a disclosure schedule without granting an exclusion of time under the Speedy Trial Act. Dkt. No. 170 at 5–6. Pursuant to the parties' agreement, Dkt. No. 185, on July 31, 2026, the Government disclosed 6,440 separate documents, 7,558 video/audio files, and over 20 terabytes of Signal chat files. Dkt. No. 204 ¶ 3. The Government is scheduled to disclose cellphone extraction reports on August 14, 2026, and engage in "rolling

discovery" to the extent any additional materials are identified or discovered through further investigation. *Id.* "Given this volume of disclosures, defense counsel is simply unable at this time to propose a realistic scheduling order without further review of the materials disclosed and at least preliminary identification of issues to be raised by appropriate pre-trial motions." *Id.* ¶ 4. The parties jointly requested to suspend the deadlines in the Court's case management order and require the parties to submit a joint proposed schedule on or before September 18, 2026. *Id.* at 3.

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), that given the large volume of discovery, the nature of the evidence collected, the multiple issues involved in the discovery process, the number of defendants, as well as defense counsel's assessment that they need more than a month before they will be able to propose a joint scheduling order, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits of the Speedy Trial Act. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting of a continuance outweigh the best interest of the public and the defendants in a speedy trial.

Accordingly, **THE COURT HEREBY ORDERS**:

1. The Government's Motion to Designate Case as Complex Under the Speedy Trial Act (Dkt. No. 22) is **GRANTED**.

2. The Court hereby designates the case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).

3. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public

and the defendants in a speedy trial. Accordingly, the period of time from **August 7, 2026**, through **September 18, 2026**, shall be excluded from the calculation of days within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).

4.    The deadlines in the Court's case management order (Dkt. No. 170) are **STAYED**. This stay does not include the discovery deadlines set by the Court's July 21, 2026, order (Dkt. No. 186).

5.    On or before **September 18, 2026**, the parties shall submit a joint proposed scheduling order to address all remaining pretrial deadlines. If the parties are unable to reach an agreement, they must submit competing proposed scheduling orders.

Dated: August 7, 2026                              s/ David T. Schultz
                                                  DAVID T. SCHULTZ
                                                  United States Magistrate Judge