UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-115 (KMM/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAAC SANT, ET AL.,

Defendants.

**GOVERNMENT'S MOTION TO ALLOW SUPPLEMENTAL BRIEFING ON CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY UNDER RULE 16 AND *BRADY/GIGLIO* (ECF 212)**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Special Assistant United States Attorney Sommer Honeycutt, hereby requests a motion for leave to file supplemental briefing on the Government's consolidated response to the Defendants Motion for Discovery Under Rule 16 and Brady/Giglio (ECF 212).

A motion to supplement the record may be granted when the information sought to be introduced is relevant and previously unavailable. *E. Coast Test Prep LLC v. Allnurses.com, Inc.,* 309 F. Supp. 3d 644, 678 (D. Minn. 2017). As a general proposition, motions to reconsider are a well-established procedural rule for both criminal and civil litigation. *United States v. Grant*, 703 F.3d 427, 434 (8th Cir. 2013). While a motion to reconsider and a motion for supplemental briefing are different, the standard remains the same.

To this end, the Government asserts two reasons for this request. First, the information related to "Operation Keyhole" was not fully available to the Government until August 31, 2026 ("Motion Hearing"). The principal reason why the Government did not investigate the function of "Operation Keyhole" was because that operation did not have any impact on "Operation Puppet Master" or "Operation Whipple Sheild." The Government also given a short briefing deadline with the hearing date one week after making it difficult to fully investigate all of the defense's claims. Also, during oral arguments at the motion hearing held on August 27, 2026, it became clear how important "Operation Keyhole" is to the defendants' motion for discovery.[1]

Second, the purpose of this supplemental briefing is both material to the issue of discoverable material and relevant for the Court to determine if the defense's motion for discovery, as it pertains to Operation Keyhole, has merit. This information was fully discovered *after* the motion hearing.

In order for the court to have all of the information necessary to decide ECF 212, the Government requests time to supplement the briefing with a full and fair description of "Operation Keyhole."

[1] During defenses' oral argument, much latitude was given to the characterization of "Operation Keyhole." As a point of proffer and after discussing the functional purpose of "Operation Keyhole" many of the arguments proffered by the defendants' inadvertently mischaracterized "Operation Keyhole."

The government respectfully requests for 14 days for briefing.

Dated: 9/1/2026

Respectfully Submitted,
DANIEL N. ROSEN
United States Attorney

*/s/ Sommer Honeycutt*
BY: SOMMER HONEYCUTT
Special Assistant U.S. Attorney
600 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
MN Attorney Reg: 398667
Sommer.Honeycutt@usdoj.gov
(612) 664-5600