UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Isaac Sant,

Defendant.

Court File No. 26-cr-115 (KMM/DTS)

**DEFENDANT'S RESPONSE OPPOSING GOVERNMENT'S MOTION TO ALLOW SUPPLEMENTAL BRIEFING**

Defendant Isaac Sant opposes the government's Motion to Allow Supplemental Briefing. ECF 257. The government's rationale for this motion is that "the information related to 'Operation Keyhole' was not fully available to the government until August 31, 2026." *Id.* at 2. The government does not provide an explanation, let alone a plausible one, for this assertion. Moreover, the government's statements to defense counsel contradict it.[1]

On September 1, 2026, AUSA Tory Sailer emailed defense counsel Jill Brisbois, stating: "My understanding is that at the hearing 'Operation Keyhole' became a point of contention. . . . I looked into this further yesterday and learned to [sic] operational purpose of the Keyhole is not how it was characterized at the hearing." Ex. 1. Mr. Sailer does not

[1] The government's "meet and confer" with Mr. Sant's counsel regarding this motion was limited to an email sent ninety minutes before the government filed the motion, stating: "I will be filing a motion to allow for supplemental briefing on our response to ECF 212 today. I am sending this email per our responsibilities for a meet and confer." Ex. 2. This continues the government's flexible approach to the local rules. *See also* ECF 228 (filing exhibits wholly under seal without any accompanying motion to seal as required by Local Rule 49.1(d)).

explain how the information about Keyhole's "operational purpose" was "not fully available" to the government before yesterday, when all he had to do was "look[] into this further" to obtain it.

Mr. Sant discussed Operation Keyhole in his discovery motion, which he filed two weeks before the hearing.[2] *See* ECF 212 at 23. Despite the clear request for Operation Keyhole materials in Mr. Sant's motion – and the fact that the case opening report for Operation Puppet Master references Operation Keyhole (*see* ECF 212-1) – the government apparently did not ask HSI any questions about Keyhole until yesterday, almost two weeks after filing its 37-page response objecting to Mr. Sant's requests.

This failure to inquire raises additional questions about the government's diligence with respect to its discovery obligations. It is consistent, however, with the government's "fire, ready, aim" approach to political prosecutions like this one. Regardless, the information about Keyhole was not "previously unavailable," and for that reason alone the Court should deny the Motion to Allow Supplemental Briefing.

Further, the government's legal citations are inapposite. It cites cases deciding a motion to supplement the record (which this motion is not) and a sentencing appeal (even further afield). *See* ECF 257 at 1 (citing *E. Coast Test Prep LLC v. Allnurses.com, Inc*., 309 F. Supp. 3d 644, 678 (D. Minn. 2017) (motion to supplement record); *United States v. Grant*, 703 F.3d 427, 434 (8th Cir. 2013) (Riley, J., dissenting) (sentencing appeal)). The

---

[2] That schedule is standard practice in this district for non-dispositive motions and is not artificially compressed, contrary to the government's complaints about it. *See* Local Rule 7.1(b).

government contends, nonetheless: "While a motion to reconsider and a motion for supplemental briefing are different, the standard remains the same." ECF 257 at 1. The government provides no caselaw to support this assertion. For what it is worth, courts grant permission to file a motion to reconsider only "when necessary to afford a party an opportunity for relief in extraordinary circumstances." *United States v. Mustafa*, No. CR142615 (JRT/BRT), 2021 WL 925561, at *1 (D. Minn. Mar. 5, 2021) (internal quotation omitted). Needless to say, the government has not articulated any such "extraordinary circumstances" here.

The government has also failed to provide any details about the purported supplemental information. The government apparently intends to make an attorney proffer through its "supplemental briefing." But attorney statements are not evidence. *United States v. Wadlington*, 233 F.3d 1067, 1079 (8th Cir. 2000). The Court should reject this invitation to supplement with an attorney proffer. Any such proffer would necessarily rely on information from DHS, and its agents have proven themselves to be unreliable. *See, e.g.,* Motion to Dismiss for Vindictive Prosecution at 5-9, *U.S. v. Fort*, Case No. 26-cr-25 (LMP/DLM) (D. Minn., Aug. 8, 2026), ECF 594 (detailing numerous demonstrably false statements by DHS, including statements made under oath).

Finally, the government does not explain why it needs two more weeks to "supplement" its response with what it knows today. Mr. Sant's motion has been fully submitted. The Court should not delay its order because the government wants to add something else to the pile.

In short, Mr. Sant objects to the government's Motion to Allow Supplemental Briefing. Should the Court grant it, Mr. Sant respectfully requests that: (1) instead of accepting an attorney proffer, the Court set an evidentiary hearing at which an HSI agent with knowledge about the scope and purpose of Operation Keyhole can testify under oath subject to cross-examination; and (2) Mr. Sant is afforded the opportunity to provide a written response to any further government briefing on this issue.

Respectfully submitted,

DATED: September 1, 2026

*/s/ Kevin C. Riach*

Kevin C. Riach, #389277
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Telephone: 612.203.8555
kevin@riachdefense.com
*Attorney For Defendant*