# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL PORTILLO RODRIGUEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-00694-DAD-CKD

ORDER CONVERTING MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION

(Doc. No. 16)

This matter is before the court on petitioner's motion for temporary restraining order filed on March 12, 2026. (Doc. No. 16.) On March 16, 2026, respondent filed an opposition to the pending motion for temporary restraining order. (Doc. No. 18.) For the reasons below, the court will convert petitioner's motion for temporary restraining order into a motion for preliminary injunction and will grant that motion.

## BACKGROUND

In support of his motion for temporary restraining order, petitioner provides a declaration from his counsel, attorney Deborah Czuba. (Doc. No. 16-1.) Attorney Czuba declares that petitioner had previously entered the United States in October 2016 and was subsequently deported. (*Id.* at ¶ 13.) Petitioner re-entered the United States in 2022. (*Id.*) On April 9, 2025, petitioner was indicted for illegal reentry in the District of Minnesota. (*Id.* at ¶ 11.) On

September 2, 2025, petitioner was released by that court on a "personal recognizance bond" but taken into Immigrations and Customs Enforcement ("ICE") custody pending removal. (*Id.*) Petitioner has been in ICE custody since September 2, 2025. (Doc. No. 1 at 5.) Petitioner has not received a bond hearing before an immigration judge during this time period, in which more than six months has now elapsed. (*Id.*) During his detention, petitioner made a claim of fear of persecution or torture if he was removed to El Salvador. (Doc. No. 16-1 at ¶ 11.) On September 17, 2025, an asylum officer made a negative credible fear finding with respect to this claim made by petitioner. (*Id.*) On November 7, 2025, the assigned immigration judge overturned that negative credible fear finding. (*Id.*) Respondent states that petitioner is scheduled to appear before the immigration judge again on March 26, 2026, though respondent does not indicate what that hearing is scheduled to address. (Doc. No. 18 at 2.)

Respondent states in its opposition to the pending motion that it "does not oppose converting the motion into a motion for a preliminary injunction." (*Id.* at 1.) Accordingly, the court will consider petitioner's motion as a motion for preliminary injunction.

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is

appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

### A. Indefinite Detention

Petitioner argues that he is likely to prevail on his Fifth Amendment claim that his detention in ICE custody has now become unlawful on constitutional grounds. (Doc. No. 16 at 5–8.) Specifically, petitioner contends that his detention has lasted beyond the presumptively reasonable six months set out by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and that respondent cannot show that his removal is imminently foreseeable. (*Id.*) Respondent contends that petitioner can be "expeditiously removed" to El Salvador and that petitioner has therefore not shown that there is a significant likelihood of removal in the reasonably foreseeable future. (Doc. No. 18 at 3–4.) Respondent also argues that 8 U.S.C. § 1231(a)(6) permits

/////

/////

/////

/////

/////

detention past a mandatory 90-day detention post-removal period for individuals, like petitioner, who have been found inadmissible pursuant to 8 U.S.C. § 1182.[1] (*Id.* at 4.)

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal." *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025). "Certain noncitizens ordered removed may be detained beyond the 90-day removal period, including, *inter alia*, those who are removable under 8 U.S.C. § 1227(a)(2) for certain criminal offenses, those determined to be a risk to the community, or those unlikely to comply with the order of removal." *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *3 (C.D. Cal. June 25, 2025). Nevertheless, "[a] noncitizen may only be held in confinement until 'it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001)).

"The Supreme Court read an implicit limitation into the statute in light of the Constitution's demands, holding that § 1231(a)(6) does not authorize indefinite detention and

[1] Respondent argues that the statutory framework does not require any showing of dangerousness or risk of flight to detain a non-citizen with a final removal order, regardless of the length of the detention at issue. (Doc. No. 18 at 4.) Respondent is mistaken. The regulations promulgated by the Department of Homeland Security ("DHS") require that in the first 90-days of detention pursuant to 8 U.S.C. § 1231, immigration authorities are required to conduct "a custody review" where the alien's removal cannot be accomplished during the 90-day removal period. 8 C.F.R. § 241.4(k)(1)(ii). During that period, authorities are required to "notify the alien in writing that he or she is to be released from custody, or that he or she will be continued in detention pending removal or further review of his or her custody status." 8 C.F.R. § 241.4(h)(4). This custody determination requires several factors to be considered, such as whether the non-citizen poses a significant flight risk or is otherwise dangerous to the community. 8 C.F.R. § 241.4(f). Following the ninety-day removal period, further custody determinations are transferred to another unit and are required to occur within three months of the initial custody determination accomplished during the 90-day removal period. 8 C.F.R. §§ 241(c)(2), (k)(2). In short, DHS regulations create a structure requiring multiple custody determinations when a non-citizen with a final removal order is being detained pending removal and do not authorize indefinite detention without review. There is currently no evidence before the court as to whether respondent has complied with these regulations. Accordingly, the court does not decide at this time whether respondent has provided petitioner the requisite custody determinations.

Case 2:26-cv-01654-DJC-CKD Document 20 Filed 03/18/26 Page 5 of 9

limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG (HC), 2025 WL 1158841, at *4 (E.D. Cal. Apr. 21, 2025) (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 689). "A six-month period of detention is presumptively reasonable." *Vlasov*, 2025 WL 2258582, at *2. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, petitioner argues that his removal is not reasonably foreseeable because his withholding of removal petition is still pending. A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future. *See Asfestani v. Current or Acting Field Office*, No. 1:25-cv-01562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025) ("The existence of such a pending application also contributes to the showing that there is good reason to believe that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future."); *see also Medina v. Chief Council*, No. 2:25-cv-02623-APG-DJA, 2026 WL 560218, at *1–2 (D. Nev. Feb. 27, 2026) (holding that the appeal of a negative credible fear finding did not toll the detention period associated with removal and concluding that, because the petitioner's credible fear determination was pending before the appellate court, there was no significant likelihood of removal in the reasonably foreseeable future). As noted above, here, the assigned immigration judge has reversed the asylum officer's negative credible fear finding and there is ongoing litigation before the assigned immigration judge related to petitioner's withholding of removal claim. For this reason, the court finds that petitioner has shown that there is not a significant likelihood of removal in the reasonably foreseeable future.

/////

/////

/////

/////

Respondent has failed to make any showing to rebut petitioner's assertion that his removal is not reasonably foreseeable.[2] (Doc. No. 18 at 3–4.) Instead, respondent appears to contend that petitioner's detention can be extended pursuant to 8 U.S.C. § 1231(a)(6). (*Id.* at 4.) The Supreme Court rejected this view in *Zadvydas*:

> The Government argues that [§ 1231(a)(6)] means what it literally says. It sets no "limit on the length of time beyond the removal period that an alien who falls within one of the Section 1231(a)(6) categories may be detained." Hence, "whether to continue to detain such an alien and, if so, in what circumstances and for how long" is up to the Attorney General, not up to the courts.
>
> It is a cardinal principle of statutory interpretation, however, that when an Act of Congress raises a serious doubt as to its constitutionality, this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided. We have read significant limitations into other immigration statutes in order to avoid their constitutional invalidation. For similar reasons, we read an implicit limitation into the statute before us. In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.

*Zadvydas*, 533 U.S. at 689 (internal citations and quotation marks omitted); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) ("[A]ccording to the Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. After that point, if the alien provides good reason to believe that there is no significant likelihood

---

[2] In its background section, respondent asserts that "the delays in Petitioner's case have been caused by continuances that the Petitioner has requested." (Doc. No. 18 at 2) (emphasis removed). Respondent advances no legal argument pertaining to this assertion nor offers any evidence to support it. Nevertheless, the undersigned observes that respondent appears to refer to the multi-factor test used by some courts in determining whether pre-final removal order prolonged detention pursuant to 8 U.S.C. § 1226(c) has become unreasonable. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879–82 (E.D. Cal. 2022) (considering (1) the length of detention to date; (2) the likely duration of future detention; and (3) whether the petitioner or the government had caused delays in removal proceedings to determine whether mandatory detention under § 1226(c) had been rendered prolonged). However, as another judge in this district has observed, where "[p]etitioner is subject to a final order of removal and detention pursuant to § 1231(a), . . . the third *Lopez* factor [is] inapposite[.]" *Imran H. v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01710-JLT-SAB (HC), 2026 WL 366750, at *4 (E.D. Cal. Feb. 10, 2026). Therefore, to the extent that respondent argues that petitioner's seeking withholding of removal following a final removal order is a factor to be considered in determining whether his detention has become unreasonable, the court rejects that argument.

of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien.") (internal citations and quotation marks omitted).

Respondent's argument is further discredited by the DHS regulation which governs release under the standard announced by the Supreme Court in *Zadvydas*, 8 C.F.R. § 241.13. This regulation also draws a distinction between release under § 241.13 and § 241.4:

> (1) Relationship to § 241.4. Section 241.4 shall continue to govern the detention of aliens under a final order of removal, including aliens who have requested a review of the likelihood of their removal under this section, unless the Service makes a determination under this section that there is no significant likelihood of removal in the reasonably foreseeable future. The Service may release an alien under an order of supervision under § 241.4 if it determines that the alien would not pose a danger to the public or a risk of flight, without regard to the likelihood of the alien's removal in the reasonably foreseeable future.

8 C.F.R. § 241.13(b)(1); *see also* 8 C.F.R. § 241.13(f) (listing factors for consideration of release under § 241.13, none of which relate to flight risk or dangerousness).[3] Accordingly, the court rejects respondent's contention that petitioner's detention can be indefinitely extended pursuant to 8 U.S.C. § 1231(a)(6).

For the reasons explained above, the court concludes that petitioner has shown a likelihood of success on the merits of his Fifth Amendment Due Process claim on the basis of what has become his indefinite detention.

/////

/////

/////

/////

/////

/////

[3] Detention where removal is not significantly likely in the reasonably foreseeable future can be authorized in some special circumstances. *See Zadvydas*, 533 U.S. at 691, 696 (noting that certain special circumstances such as dangerousness in conjunction with mental illness or national security threats may permit detention beyond the six-month period). The regulations promulgated as 8 C.F.R. § 241.14 list these special circumstances, none of which respondent has argued are present in this case. 8 C.F.R. § 241.14.

### B. Future Revocation of Release

Petitioner also requests that the court issue an order enjoining respondent from re-detaining him until he is afforded a hearing before an immigration judge.[4] In this regard, petitioner argues that due process requires a pre-detention hearing before a neutral adjudicator. Respondent does not address this argument in its opposition. The court hereby incorporates its prior analogous due process analysis set forth in *N.D.N.*, 2025 WL 3251102, at *6, where the undersigned applied the three-pronged test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The court therefore concludes that due process requires a pre-detention hearing before an immigration judge in compliance with the standards stated in 8 C.F.R. § 241.13(i).

Regarding the remaining *Winter* factors, the court incorporates its prior analogous analysis in *N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102, at *7 (E.D. Cal. Nov. 21, 2025), and concludes that the remaining *Winter* factors support the issuance of a temporary restraining order in this case.

### C. Remedy

Finally, having concluded that the *Winter* factors weigh in favor of petitioner and support the issuance of a temporary restraining order, the court considers the appropriate remedy. In *L.R. v. Noem*, No. 2:25-cv-02019-RFB-BNW, 2026 WL 161605, at *12 (D. Nev. Jan. 21, 2026), the district court stated that the "remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision." *See also Johnson*, 594 U.S. at 529 (finding that, after the six-month detention period elapses, if the non-citizen makes the requisite showing

---

[4] Petitioner requests that the court enjoin respondent from re-detaining him unless respondent can show he is a risk of flight or a danger to the community before a neutral adjudicator. (Doc. No. 16 at 10.) This is not the correct standard. Revocation of release which was premised on indefinite detention is governed by 8 C.F.R. § 241.13(i), which permits revocation where the non-citizen violates a condition of release or where there are changed circumstances indicating that the non-citizen is significantly likely to be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i). Therefore, in accordance with the court's prior orders, petitioner's relief in this regard will be based on this standard. *See, e.g., Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025); *see also N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102, at *8 (E.D. Cal. Nov. 21, 2025).

that there is no significant likelihood of removal in the reasonably foreseeable future, "the Government must either rebut that showing or release the [non-citizen]"). The court adopts that reasoning here.

## CONCLUSION

For the reasons above,

1. Petitioner's motion for temporary restraining order (Doc. No. 16) is CONVERTED into a motion for a preliminary injunction and is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner from respondent's custody subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.13(h);
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;
2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and,
3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 18, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE