**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Isaac Auman Sant, et al.,

Defendants.

No. 26-cr-115 (KMM/DTS)

**ORDER**

At their initial appearances, Magistrate Judge John Docherty imposed conditions of release on many of the defendants in this case that prohibited them from having contact with their codefendants and with any victims or witnesses in this case.[1] [Dkts. 37, 38, 40, 49, 50, 57, 70, 72, 99, 101.] Several defendants appealed that decision or sought reconsideration. Magistrate Judge David Schultz, the Magistrate Judge assigned to this case, considered that request in the first instance. As to those defendants, Judge Schultz modified the condition so that they could have contact with one another in the presence of their counsel, but otherwise denied the request. [Dkt. 182 at 2.] Several defendants then appealed Judge Schultz's Order on this point while others joined in, challenging the condition for the first time. [Dkts. 190, 195, 196, 199, 200, 206.] In the interest of

[1] The government mentions that most of the defendants did not contest this condition at the time it was imposed. However, given that Judge Docherty was handling at least twelve initial appearances that day in a highly charged environment, the Court understands that there was little opportunity to discuss or contest specific conditions of release. The Court appreciates that the government does not allege that the issue was waived or is otherwise not properly before the Court.

efficiency, the Court now considers whether the condition prohibiting contact between codefendants is appropriate as to all defendants who have challenged that condition, regardless of the procedural posture of those challenges.[2] For the reasons set forth below, the Court vacates the condition.

## I. Legal Framework

The Bail Reform Act requires a court to impose the "least restrictive" combination of conditions that the court finds "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). When a condition is imposed by a Magistrate Judge and appealed to the district court, the issue is considered *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*). A court must make an individualized determination of the need for a specific condition of release in a particular case. *United States v. Arzberger*, 592 F. Supp. 2d 590, 602 (S.D.N.Y 2008).

The government bears the burden of establishing the need for a particular condition by a preponderance of the evidence. *See United States v. Wendt*, 650 F. Supp. 3d 672, 681 (S.D. Iowa 2023) (citing *United States v. Orta*, 760 F.2d, 887, 891 (8th Cir. 1985) (applying preponderance of the evidence standard to other portions of the Bail

---

[2] This Order is issued as to Emmett Doyle (2), Cameron Kennedy (3), Erik Davis (5), Brian Apland (6), Treasure Cay Thoreson (9), Nathan Junho Kim (10), Douglas Misterek (12), Dustin Beisell (13), William Morgan (14), and Natasha Rakotz (15). When the Court uses the term "defendants" in this Order, the Court is only speaking about the defendants who have challenged the condition so far. The Court makes no assessment regarding whether the outcome would be the same for remaining defendants if any of them likewise challenged the no-contact-with-codefendants condition.

Reform Act which do not contain an express burden of proof)). But when a proposed condition impacts a defendant's ability to exercise constitutionally protected rights, heightened scrutiny is required and the government must offer a stronger justification to support its imposition. *Wendt*, 650 F. Supp. 3d at 683; *see also United States v. Martinez*, No. 4:21-cr-107-SMR-HCA, 2021 WL 4169789 (S.D. Iowa Sept. 13, 2021).

## II. Analysis

For several reasons, the Court finds that the no-contact-with-codefendants condition imposed on the defendants is not the "least restrictive" option, and is not necessary to protect the community.[3] 18 U.S.C. § 3142(c)(1)(B).

First, the Court notes that the condition at issue is not among those specifically listed in the Bail Reform Act. Instead, the Act includes as an enumerated option the imposition of a requirement that a defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(1)(B)(v). Though the fact that a particular condition is not listed does not prevent a court from imposing it if necessary, it does undermine a suggestion that such a limitation should be used as a matter of course in every case.

More importantly, aside from the allegations in the Indictment, there is no evidence before the Court that the individuals at issue have engaged in conduct which would pose a danger to the community if they are allowed to communicate with one

[3] The government does not assert that the condition is needed to assure the appearance of any of the defendants at future hearings, and the Court agrees that none of these defendants present a risk of flight.

another. The Court has carefully reviewed the Indictment as to each defendant (*see* Dkt. 1, Dkt. 208 at 4–15) and finds the allegations do not demonstrate that an onerous condition that infringes on the defendants' First Amendment rights is necessary in this case.[4] Moreover, no additional allegations exist that any of the defendants at issue have engaged in conduct during their several months on pretrial supervision that would necessitate the condition at issue.

In contrast, several of the defendants have demonstrated that the condition is imposing an undue hardship on them. For example, Ms. Morgan describes that the codefendants are among her close friends, and the prohibition on contact with them is having an adverse effect on her mental health. [Dkt. 200 at 4–5.] Ms. Kim asserts that the condition is making it difficult for her to engage in work and volunteer activities as she used to because she has to take steps to insure she does not cross paths with her codefendants. [Dkt. 199 at 11–12.] These specific assertions certainly weigh against imposing a condition for which the facts do not provide sufficient justification as to these defendants.

Third, the Court disagrees with the government that this is a standard condition and therefore shouldn't be closely examined. To begin with, the Court disputes whether it

[4] As highlighted in the government's Brief, none of the defendants are alleged to have used physical violence. Only two of the defendants face specific assertions of damaging vehicles, one through kicking and one through a sideswipe. While the latter comes closest to harming a person by causing an accident, it is an isolated incident and there is no allegation that anyone was injured. [Dkt. 208 at 6–7.] To be sure, each defendant is alleged to have engaged in significant and coordinated protest activity that the government alleges was criminal, but the Bail Reform Act requires a finding that a condition is "reasonably necessary" to protect the public. 18 U.S.C. § 3142(c)(1)(B).

is in fact a standard condition broadly used for nonviolent cases within the District of Minnesota. While the government points to two cases in the district where the condition was imposed, both of those involve allegations of violent crime and drug distribution by criminal gangs in the Twin Cities. [Dkt. 208 at 15.] They are not good models for this case. And the one case to which the government points that *is* factually similar to this case because it also contains allegations of unlawful protest activity, *United States v. Armstrong*, 26-cr-25 (LMP/DLM), actually did not involve the imposition of any condition prohibiting contact between codefendants. [Dkt. 208 at 16.] Further, even if no-contact-with-codefendants conditions were routinely imposed without objection in other types of cases, that does not answer whether it survives scrutiny in a case with a robust objection. The Court is certain that, at times, defendants do not contest the condition because they do not intend to have any contact with their codefendant or they believe having such contact would be bad for their case, not because there is no basis to challenge the condition.

Additionally, the Court does not credit that the condition is necessary to prevent the defendants from colluding on their defense. Of course, there is nothing unlawful or improper about codefendants working together on a defense. And the law already prohibits committing or suborning perjury, obstruction of justice, witness tampering, and other activities that cross the line from communication to crime. If, in fact, the defendants here engage in such activities, they could be charged with crimes; it makes little sense that the no-contact provision is what would stop such lawlessness as opposed to the criminal consequences of the conduct itself.

The government points to numerous allegations in the complaint that show the defendants trying to avoid having their communications surveilled by law-enforcement during the planning of their protest activities. [*See e.g.*, Dkt. 208 at 13–15.] Whether their motive for doing so was a lawful response to what they perceived as government overreach against peaceful protesters by immigration authorities during Operation Metro Surge as defendants contend, or an intentional effort to evade detection of unlawful activities as the government alleges is yet to be decided. But even if the defendants took steps to evade detection as they planned the protests at issue in the Indictment, that does not demonstrate that a blanket no-contact-with-codefendants condition is needed here.[5]

Finally, the caselaw does not require imposition of the no-contact-between-codefendants condition in this case, and in fact weighs somewhat against it. Several of the cases relied upon by the government in their memorandum largely undermine rather than support their position. For instance, the government points to Judge Laura Provinzino's Order rejecting an appeal of certain conditions of pretrial release imposed in a similar case where the defendants are charged with engaging in unlawful protest activity. *United States v. Levy Armstrong*, No. 26-cr-25 (1) (LMP/DLM) (*see* Dkt. 141). However, that order did not consider the condition before the Court here, let alone find it

[5] The Court notes that the condition at issue was intended to require defendants also to have no contact with witnesses or victims of these offenses, a condition which is more narrowly tailored to the concerns raised. Here, the government was given leave to provide a list of such persons, but has not done so yet. Nothing in this Order is intended to preclude the government from seeking a no-contact order with any specified victims or witnesses.

reasonable. In fact, in that case – the closest analogy the Court could find to the present case – the Magistrate Judge on duty expressly declined to order that the defendant not have contact with any of her dozens of codefendants, and limited the no-contact condition to victims and witnesses. *Levy Armstrong*, No. 26-cr-25 (1) (LMP/DLM) (*see* Dkt. 12). *Levy Armstrong* does not support the government's position here.[6]

In *United States v. Lillemoe,* also cited by the government, the court considered a challenge raised by two codefendants to the pretrial prohibition on having contact with one another. After careful consideration, the court found that there was no basis for such a condition. The court found that "mere worry that an indicted person may commit a crime, such as obstruction of justice or evidence tampering, is not sufficient to justify every restraint on that person because '[c]rime prevention is a quintessential general law enforcement purpose'" and therefore does not satisfy the showing of a particularized need that the Bail Reform Act requires. *Lillemoe*, No. 3:15-CR-25 (JCH), 2015 WL 9694385, at *3 (D. Conn. May 28, 2015) (quoting *United States v. Scott*, 450 F.3d 863, 870 (9th Cir. 2006)). The *Lillemoe* court also found that the government's expressed concerns about the possibility of collusion to obstruct justice were already addressed by the law's prohibition on such conduct. *Id.* at *3–4. The court then lifted the no-contact prohibition as to the two defendants who wished to have contact with one another, but left

[6] The government did not point the Court to any case from any district involving the imposition of a similar order in a similar case, let alone one that analyzes the validity of such of order in the face of a challenge.

restrictions in place as to the third defendant, who had not sought to modify the condition. *Id.* at *4.

While the Court reviewed cases that upheld no-contact conditions, those cases do not require a different result here. First, it is clear that this is a decision left to the discretion of each judge, and the facts of each case vary widely. For example, in *United States v. Martinez*, No. 4:21-cr-107-SMR-HCA, 2021 WL 4169789 (S.D. Iowa Sept. 13, 2021), the court considered a challenge by married codefendants in a drug trafficking case to the prohibition on them living together and communicating. The court observed that caution is required before imposing conditions that infringe upon constitutional rights, including the right to marriage. *Id*. at *2 (citing *United States v. Hobbs*, 845 F.3d 365, 368 (8th Cir. 2016)). But the *Martinez* court also found that specific circumstances in that case justified prohibiting the codefendants from discussing the case, including the reality that one had confessed and the other had not, leading to an incentive to pressure the confessing person to change their story. The Court does not find that *Martinez* requires the imposition of a no-contact-with-codefendants condition in this case, given the different crime at issue there and the unique circumstances of that case.

For these reasons, the Court concludes that, with respect to defendants who have raised the issue, the prohibition of contact between codefendants while outside the presence of counsel is not supported by the record or the relevant law, and is vacated. Of

course, if circumstances change in a way that would support such a requirement, the government is free to seek reimposition of the condition.[7]

**IT IS HEREBY ORDERED:**

1. The condition of pretrial release prohibiting communication with codefendants as modified in Magistrate Judge Schultz's Order [Dkt. 182] is **VACATED** as to: Emmett Doyle (2), Cameron Kennedy (3), Erik Davis (5), Brian Apland (6), Treasure Cay Thoreson (9), Nathan Junho Kim (10), Douglas Misterek (12), Dustin Beisell (13), William Morgan (14), and Natasha Rakotz (15).
2. The Appeals of Magistrate Judge Schultz's Order [Dkts. 190, 195, 200, 206] and the Motions to Modify Conditions of Release [Dkts. 195 and 196] are **GRANTED**.

Date: October 7, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge

[7] At the hearing on this matter, the parties also discussed whether a condition prohibiting protesting of federal property remains in effect as to most defendants. That condition was expressly lifted by Judge Schultz as to two defendants, Mr. Misterek (12) and Ms. Rakotz (15), in the same Order that modified the no-contact provision, but declined to lift it. [Dkt. 182.] There was disagreement whether the modification applied only to those defendants because they expressly raised the argument in their motion to amend conditions [Dkt. 160 at 7–8], or because they are the only two who have the condition. The Court has reviewed the orders setting conditions of release as to the remaining defendants. Although Judge Docherty mentioned such a prohibition at the initial appearances, he did not order that condition on the forms of the remaining defendants. Therefore, the condition is not in effect as to any of these defendants at this time.