**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ISAAC AUMAN SANT, et al.,<br><br>*Defendants.* | Case No. 26-cr-115 (KMM/DTS)<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE MINNESOTA CHURCHES IN SUPPORT OF DEFENDANTS' MOTION FOR DISCOVERY** |

First Universalist Church of Minneapolis, Hennepin Avenue United Methodist Church, and St. John the Evangelist Episcopal Church (together, "Amici Minnesota Churches") respectfully request leave of this Court to submit the attached amici curiae brief in support of Defendants' motion for discovery. *See also, e.g.*, ECF No. 240 (Aug. 26, 2026) (granting different amicus leave to file brief in support of Defendants' motion for discovery). The proposed amici brief is attached as Exhibit 1, a proposed certificate of word count compliance is attached as Exhibit 2, and a proposed order is attached as Exhibit 3. Amici sought the consent of all parties for the filing of this motion and attached brief. Defendants consented. The United States has not stated its position as of the time of filing.

## PROPOSED AMICI

Amici Minnesota Churches are three Minnesota-based churches that provide pastoral care for more than 2,000 members and worshippers in accordance with their respective faith traditions.

**First Universalist Church of Minneapolis.** The First Universalist Church of Minneapolis is an 800-plus-member faith community rooted in principles of love, justice,

and radical inclusivity. For more than 160 years, the church has provided a powerful voice for justice in Minneapolis and beyond. Its members live out their faith by protecting the poor and oppressed, building an inclusive community, and providing a supportive space for personal and collective transformation.

**Hennepin Avenue United Methodist Church.** Hennepin Avenue United Methodist Church (HAUMC) is a Minneapolis congregation of approximately 1,000 members. It celebrated 150 years of worship in 2025. HAUMC's mission is to love boldly, serve joyfully, and lead courageously in local communities and worldwide connections. A Reconciling congregation since 1994, the church welcomes all people and embraces the diversity of its neighborhood and the world. Its members answer Christ's call to pursue justice and peace through ministries serving neighbors experiencing poverty and homelessness and through interfaith advocacy across Minneapolis.

**St. John the Evangelist Episcopal Church.** St. John the Evangelist Episcopal Church is a parish of nearly 500 active members in St. Paul's historic Ramsey Hill neighborhood, where it has worshipped since January 1881. Known as the "Church of the Open Door," the parish welcomes all who seek a deeper and more meaningful life in its community of faith. Its commitment to direct service, social justice, and advocacy spans generations. Since at least the 1970s, the congregation has supported civil rights and voting rights. Today, St. John's advocates for hunger relief, safe housing, and accessible health services in the wider community.

All three churches were directly affected by the government's surveillance described in Defendants' pending motion for discovery. During Operation Metro Surge,

undercover agents attended meetings, secretly recorded conversations, logged attendees' license plates, and compiled dossiers on people engaged in lawful civic and political activity at amici's churches. As best amici can determine, the government did not undertake this surveillance because it reasonably suspected the meeting attendees—or the churches hosting them—of criminal wrongdoing. Rather, the surveillance appears to have been prompted by disagreement with the attendees' political views and activities.

Amici seek leave to file an amicus brief to provide the Court with a firsthand account of the concrete harms the government's surveillance has inflicted on Minnesota's faith communities, including the apparent targeting of religious institutions and their members because of their beliefs and constitutionally protected expression. Amici also seek to underscore the First Amendment interest in obtaining a complete account of the government's surveillance through this criminal proceeding.

## **LEGAL STANDARD**

District courts have "broad discretion" to grant a nonparty leave to file an amicus brief. *Tincher v. Noem*, No. 25-cv-4669, 2026 WL 17973, at *1 (D. Minn. Jan. 2, 2026). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Williams v. Centene Corp.*, No. 4:22-cv-00216 2023 WL 2755544, at *3 (E.D. Mo. Mar. 31, 2023) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Further, an amicus brief filed in a district court proceeding is timely so long as it is submitted before the close of briefing on the relevant motion. *See,*

*e.g.*, *Pavek v. Simon*, 2020 WL 1467008, at *4 (D. Minn. Mar. 26, 2020) (granting leave to file amicus even though it was "filed late in the briefing cycle").

## ARGUMENT

The Court should grant amici's request for leave because their proposed brief is timely and offers a unique perspective that will assist the Court in evaluating Defendants' motion for discovery. *See also, e.g.*, ECF No. 240 (Aug. 26, 2026) (granting different amicus leave to file brief in support of Defendants' motion for discovery). Amici sought leave to file while supplemental briefing on Defendants' motion remains open. And, as institutions directly affected by the surveillance at issue, amici offer information and perspectives that the parties cannot provide. Specifically, amici advance three arguments in support of Defendants' motion.

***First***, the government's surveillance harmed people and institutions far beyond Defendants. The government monitored peaceful gatherings at amici churches, and the resulting revelations have impaired their ability to worship, assemble, welcome newcomers, and advocate for their neighbors. The churches have incurred additional security costs, altered their operations, and seen members withdraw from in-person participation. They also reasonably fear that the disclosed reports reveal only a fraction of the surveillance. Accordingly, they have a direct interest in ensuring that the production of discovery to Defendants fully captures the scope of the federal government's surveillance, including surveillance that has not yet been disclosed.

***Second***, amici have a strong First Amendment interest in an open criminal proceeding. The public must be able to evaluate whether the government used its

prosecutorial power to target people and organizations for constitutionally protected expression. Discovery is an essential first step. It will allow Defendants to develop the factual record necessary to test the government's conduct in open court, including through motions to dismiss for selective prosecution and outrageous government conduct. The public's ability to scrutinize the government's conduct is particularly important where, as here, the surveillance reached beyond the accused to religious institutions and people engaged in peaceful civic activity.

***Third***, this case presents an important opportunity to create a meaningful historical record. The surveillance of religious congregations and civic organizations is not an isolated phenomenon. Rather, it is part of a recurring history of government monitoring political and religious movements with which it disagrees. A complete discovery record can help expose the scope and nature of that conduct, facilitate meaningful public scrutiny, and help prevent its recurrence.

## CONCLUSION

For the foregoing reasons, amici respectfully request that the Court grant leave to file the accompanying brief.

DATED: November 18, 2026

Respectfully submitted,

*/s/ Alicia Granse*

Alicia Granse (MN #0400771)
Anderson Tuggle (MN #0400277)
Chelsea Walcker (MN#0396792)
Irina Vaynerman (MN #0396759)
**GROUNDWORK LEGAL**
1650 West End Blvd., Suite 100
St. Louis Park, MN 55416 (612) 208-9349
alicia@groundworklegal.org
anderson@groundworklegal.org

chelsea@groundworklegal.org
irina@groundworklegal.org

*Attorneys for Amici Curiae Minnesota Churches*